UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVE STURGEON | ) | Case Number |
| Plaintiff | ) | |
| vs. | ) | CIVIL COMPLAINT |
| APOTHAKER & ASSOCIATES, P.C. | ) | JURY TRIAL DEMANDED |
| Defendant | ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Steve Sturgeon, by and through his undersigned counsel, Brent F. Vullings, Esquire complaining of Defendant and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Steve Sturgeon, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL") which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II. JURISDICTION

2. Jurisdiction of this court arises under 15. U.S.C. § 1692k(d) and 28 U.S.C. §1337.

3. Venue in this District is proper in that the Plaintiff resides here and the Defendant maintains a primary place of business in this district.

## III. PARTIES

4. Plaintiff, Steve Sturgeon, is an adult natural person residing at 410 Mountain View Way, Scranton, PA 18508. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Apothaker & Associates, P.C. at all times relevant hereto, is and was a Corporation engaged in the business of collecting debt within the Commonwealth of Pennsylvania and has a principal place of business located at 15 Penarth Road, Bala Cynwyd, PA 19004-2628.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant regularly attempts to collect consumer debts alleged to be due to another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. FACTUAL ALLEGATIONS

7. Plaintiff received a phone call from Defendant on or around July 20, 2010 where he was harassed by a female agent regarding an alleged debt.

8. Plaintiff was told by Defendant's agent that she was an attorney and her phone call was prompted by a lawsuit that had "appeared on her desk" for an account owned by Arrow Financial.

9. Plaintiff has never owned a line of credit or had any financial obligation to Arrow Financial.

10. Plaintiff has sent a request for debt validation to Arrow Financial in the past during prior collection efforts and it was never provided.

11. Defendant's agent explained that she could stop the lawsuit if Plaintiff paid the debt immediately.

12. Plaintiff kindly asked for his telephone number to be removed from their calling list, but Defendant's agent stated she couldn't grant his request and she would continue to call.

13. Defendant's agent then read Plaintiff his employer's phone number and address, and when Plaintiff made clear that he cannot receive calls at that number, the agent laughed at him.

14. In April of 2010, Plaintiff sent a written request for debt validation to Defendant, but has not received a response.

15. The Defendant acted in a false, deceptive, misleading and unfair manner by threatening to take action that it did not intend to take for the purpose of coercing Plaintiff to pay the debt.

16. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

17. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

18. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

### COUNT I – FDCPA

19. The above paragraphs are hereby incorporated herein by reference.

20. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by the Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

21. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of 15 U.S.C. § 1692:

> § 1692d: Any conduct that natural consequence of which is to harass, oppress or abuse any person
>
> § 1692e: Any other false, deceptive or misleading representation or means in connection with the debt collection

| | | |
|---|---|---|
| § 1692e(2): | | Character, amount or legal status of the alleged debt |
| § 1692e(3): | | Any individual is an attorney or that any communication is from an attorney |
| § 1692e(5): | | Threaten to take any action that cannot legally be taken or that is not intended to be taken |
| § 1692e(10): | | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| § 1692f: | | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| § 1692g(b): | | Collector must cease collection efforts until debt is validated |

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against Apothaker & Associates, P.C. for the following:

    a.    Actual damages;

    b.    Statutory damages pursuant to 15 U.S.C. §1692k;

    c.    Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

    d.    Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II

**VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT**
**(FCEUA, 73 Pa. C.S. § 2270.1 et seq.)**

22. Plaintiff repeats, re-alleges and incorporates by reference the foregoing paragraphs.

23. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

24. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

25. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

26. The actions of Defendant, as aforesaid, constitute false, misleading or deceptive representations.

27. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

28. As a direct and proximate result of the said actions, Plaintiff has suffered financial harm.

29. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in his favor and against Defendant, and Order the following relief:

    a. Actual damages;

    b. Treble damages;

    c. An award of reasonable attorneys fees and expenses and costs of court; and

    d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
### VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

30. The foregoing paragraphs are incorporated herein by reference.

31. Plaintiff and Defendant are "Persons" to 73 Pa. C.S § 201-2.

32. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

33. The action of Defendant, as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

    a. Defendant misrepresented to Plaintiff the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

b.      Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

c.      Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

34.     As a direct and proximate result of the said actions, Plaintiff has suffered financial damages and other harm.

35.     By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiff is entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in his favor and against Defendant, and Order the following relief:

a.      An Order declaring that Defendant violated the UTPCPL;

b.      Actual damages;

c.      Treble damages;

d.      An award of reasonable attorney's fees and expenses and cost of suit; and

e.      Such additional relief as is deemed just and proper, or that the interest of justice may require.

V.	**JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

                          **Respectfully submitted,**

                          **WARREN & VULLINGS, LLP**

Date: August 4, 2010    BY: */s/ Brent Vullings*
                                        Brent F. Vullings, Esquire

                                        Warren & Vullings, LLP
                                        1603 Rhawn Street
                                        Philadelphia, PA  19111
                                        215-745-9800   Fax 215-745-7880
                                        Attorney for Plaintiff